Carlton T. DANIELS, etc.

v.

NATIONAL POST OFFICE MAIL
HANDLERS, etc., et al.

Civ. A. No. 78–0383–R.

United States District Court,
E. D. Virginia,
Richmond Division.

July 12, 1978.

Carey B. Bowen, Richmond, Va., for plaintiffs.

Robert P. Geary, Richmond, Va., Alvin B. Fox, Newport News, Va., James S. Ray, Washington, D. C., for defendants.

## MEMORANDUM

WARRINER, District Judge.

In August, 1976 the National Post Office Mail Handlers, Watchmen, Messengers and Group Leaders Division of the Laborers' International Union of North American, AFL–CIO (hereinafter the National) held a meeting in Anaheim, California. Plaintiff claims that the denial to him of access to

the minutes of such meetings have violated rights secured to him under 29 U.S.C. § 431(c); 29 U.S.C. § 411(a); and 29 U.S.C. § 185.

The plaintiff herein is a member of the Rocky Mount, North Carolina, Branch of Local 305 of the National (hereinafter the Local). Beginning shortly after the Anaheim meeting the plaintiff and others in his Branch repeatedly requested copies of the minutes of the Anaheim meetings from his Local and from various top National officials, including the president, but the minutes were not provided until April or May, 1978.

This suit was filed on 7 April 1978. The plaintiff seeks a declaratory judgment, access to the minutes of the Anaheim meetings, compensatory and punitive damages, and attorney fees. The defendant Local answered. The defendant National moved the Court to dismiss this action or, in the alternative, grant summary judgment in its favor on plaintiff's claims. The Court will consider each aspect of the case individually.

## I

### The 29 U.S.C. § 431(c) Claim

The pleadings, affidavits and briefs filed on plaintiff's behalf present a somewhat confusing view as to what plaintiff is complaining about and what he seeks. In its most simple aspect it is a suit under 29 U.S.C. § 431(c)[1] seeking information from defendant National to which plaintiff believes he is entitled.

■ The Court has no question that plaintiff is entitled to have available to him the convention minutes which effected the adoption of the defendant's constitutions and to the minutes of the Steering Committee which related to the adoption of the constitutions.[2]

Section 431(a) requires every labor organization to adopt a constitution and by-laws, requires the filing of such with the Secretary of Labor and 29 U.S.C. § 431(a)(5) requires an annual report of any changes therein. Section 431(c) requires the labor organization to "make available" to its members the information required to be sent to the Secretary as well as "any books, records, and accounts necessary to verify such report."

Surely the minute books of the convention and of the Steering Committee are necessary to verify the validity of the adoption of the constitutions, the nature of the debate and apparent intent of the membership, and the consistency of the constitutions as published to the constitutions actually adopted by the membership.

Defendant National Union pleads to the venue and cites 29 U.S.C. § 431(c), the section which gives the union member his right to be informed, as also limiting the venue where he may seek to vindicate that right. Venue is laid under the statute in (1) "any State court of competent jurisdiction," or (2) the district court in which the defendant union maintains its principal office.

■ Though a strong case might be made for venue in a State court sitting in Richmond, Virginia,[3] no case can be made for

---

1. 29 U.S.C. § 431. *Report of labor organizations.*
 (a) . . .
 (b) . . .
 (c) *Availability of information to members; examination of books, records, and accounts.* Every labor organization required to submit a report under this title [29 USCS §§ 431–441] shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization in any State court of competent jurisdiction or in the district court of the United States for the district in which such labor organiza-

tion maintains its principal office, to permit such member for just cause to examine any books, records, and accounts necessary to verify such report. The court in such action may, in its discretion, in addition to any judgment awarded to the plaintiff or plaintiffs allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

2. The convention adopted both a national constitution and a model local constitution.

3. Defendant National Union acknowledged that the appropriate place to make the information available was Richmond and when it finally released the information to plaintiff, it did so in Richmond.

venue in this federal district court. Defendant National Union does not maintain its principal office within the Eastern District of Virginia and thus no venue lies here for a claim asserted under 29 U.S.C. § 431(c). Accordingly, plaintiff's claims under § 431(c) must be dismissed.

## II

### *The 29 U.S.C. § 411(a) Claim*

 Section 431(c) gives a union member the right to prompt access to important information about his union and requires simple, almost summary proof in court if his right is denied. He need only identify the information sought as being within the statute and show "just cause" to have access to it. Upon such a showing, immediate access to the information, plus costs and counsel fees may be awarded the plaintiff.

But § 431(c)'s right to information is not the only right given a union member under the law. The Bill of Rights, 29 U.S.C. § 411, in Subsection (a)(1), provides that a member shall have the right to "participate in the deliberations and voting" in the business of his union and Subsection (a)(2) provides that he shall have the right "to express any views, arguments, or opinions; and to express . . . his views . . . upon any business" of the union.

The right to express views in ignorance of facts is a hollow right. Though the ignorance of the member is no basis for suppressing his views, a union can hardly be said to be affording a member the right to "express . . . views, arguments, or opinions . . . upon any business" of the union when a union deliberately and as a matter of policy keeps its members in ignorance as to even the basic validity of the union's constitution.

But it may reasonably be argued that Congress intended Section 431(c) to be the exclusive remedy for a union member denied access to information. Congress appears to have recognized that the right to speak out guaranteed by Section 411 is of little benefit to an uninformed union member. The ready remedy for such ignorance in § 431(c) might indicate that Congress intended to limit the scope of § 411(a) to those cases in which the union infringes a member's right to speak by directly refusing to allow the member to speak or by subjecting the member to reprisals because of his speech. The member who lacked the information on which to make an informed comment on union affairs would look solely to § 431 for redress.

 This is, however, a crabbed and narrow reading of § 411(a). Such an interpretation is not in keeping with the purpose of the Act, which was "specifically designed to promote the 'full and active participation by the rank and file in the affairs of the union.'" *Hall v. Cole*, 412 U.S. 1, 7–8, 93 S.Ct. 1943, 1947, 36 L.Ed.2d 702 (1973) [Footnote omitted.] A union may preclude a member from discussing union affairs by denying him access to information just as effectively as by silencing the member at a meeting or threatening a member with punishment after the fact for expressing his views. Congress could not have intended the limited remedy of § 431(c) to be the member's only remedy when the deprivation of information also amounts to a deprivation of § 411 rights. Such a reading of the Act would permit a union to effectively silence a member for months or even years and then be faced only with the requirement that it disclose and pay counsel fees. Thus, the Court concludes that, in a proper case, a denial of a union member's access to information which is required to be disclosed under 29 U.S.C. § 431(c) may also be a violation of the member's rights under 29 U.S.C. § 411(a).

 In his jurisdictional paragraph plaintiff alleges as one of the bases for his complaint 29 U.S.C. § 412. This section is the civil enforcement provision for the Members' Bill of Rights, 29 U.S.C. § 411. The Court believes that a claim under 29 U.S.C. § 411 is thus sufficiently stated though the proof required and relief available to plaintiff be different from the readily obtained rights under 29 U.S.C. § 431(c).

Defendant objects that even if there is a cognizable claim under § 411 venue is lacking in this Court. Claims under § 411 must, according to § 412, be brought in the district (1) "where the alleged violation occurred" or (2) where the union maintains its principal office. Since the union does not maintain its principal office in the Eastern District of Virginia, the Court must inquire as to where the alleged violation occurred.

■ By defendant National's words and actions the proper place for it to make available to plaintiff the information necessary to enable him to enjoy his rights under § 411(a)(1) and (2) was at the headquarters of plaintiff's local. The Local's headquarters are in Richmond, Virginia. Though plaintiff allegedly suffered from a denial of his rights at his home in Rocky Mount, North Carolina, (and wherever else he went on behalf of his union) the locus of the National's violation was in Richmond. It was in Richmond that defendant National claimed that it, by rights, should disclose. And when the information ultimately was disclosed to plaintiff, immediately before and during the pendency of this action, defendant union suited its action to its words and made the disclosure through Local 305 in Richmond. Under these admitted facts the Court cannot rule in defendant National's favor on the question of venue under § 412.

Next, defendant National says the Court should dismiss the action for failure to exhaust. Exhaustion of any claim arising under § 411 is required by 29 U.S.C. § 411(a)(4). That subsection requires that before legal proceedings may be instituted for a violation of a member's rights, the member "may be required to exhaust reasonable hearing procedures . . . within such [union] . . . ."

Defendant points to appeal procedures set up in its constitutions and alleges that plaintiff has not even attempted to initiate an appeal. Plaintiff does not contradict this allegation in his response. Ordinarily this might be considered fatal to plaintiff's right to seek relief here but plaintiff alleges that he and his companions have repeatedly and insistently over the course of almost two years sought from the highest officers of the National their rights to function as informed union members, free to express views and opinions based on fact rather than upon rumor, suspicion and conjecture.

■ Under the circumstances the question of exhaustion cannot be resolved on affidavits and arguments. As in *Keefe Bros. v. Teamsters Local Union 592*, 562 F.2d 298, 302–06 (4th Cir. 1977), exhaustion often is a question of fact to be resolved by the trial court upon testimony of witnesses. A thorough exploration into the union's refusal to grant the rights required by § 411(a)(1) and (2) and plaintiff's (and others') efforts to obtain their rights will be necessary before an appropriate finding of fact on this issue can be made. Further, as set forth in *Keefe Bros., supra* at 303 where free speech is involved exhaustion is not necessarily required. *See also Semancik v. U. M. W. Dist. # 5*, 466 F.2d 144, 151 (3d Cir. 1972). Accordingly, the Court cannot at this stage dismiss the action for failure to exhaust.

Finally, defendant National argues that the action should be dismissed because it is moot. Defendant National points out that the information plaintiff needed in order to enjoy his rights to express his views in a meaningful way has been supplied him. Defendant says that that is all plaintiff is entitled to and the case is perforce at an end.

■ If this were simply a § 431 case defendant's argument (but for counsel fees) might be well taken. But, as we have observed, plaintiff also complained that defendant had deprived him of rights under 29 U.S.C. § 411. He says that for some 20 months he suffered severe restraints on his ability to express views, opinions and arguments because defendant wrongfully withheld information essential to an informed exercise of his free speech rights. Such a denial of rights, if proven, cannot be rendered moot by a mere cessation of the denial. Plaintiff and the class he seeks to represent may well be entitled to damages.

Further, *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), as interpreted by the 4th Cir. in *Keefe Bros., supra,* at 306, makes it clear that where a union deprives a member of his § 411 rights under circumstances of bad faith the Court in its discretion may, in addition to damages, award counsel fees.

 Defendant National alleges that the filing of this suit was merely coincidental to its according plaintiff his rights. Plaintiff maintains that a mere view of the chronology of events proves the contrary. Again, such questions cannot be settled on the basis of affidavits and argument but instead require an evidentiary hearing. Thus, the matter cannot be dismissed as moot.

### III

### *The 29 U.S.C. § 185 Claim*

 There does not appear to be any colorable claim under 29 U.S.C. § 185. This is not an unfair representation case and no other facts are alleged which could be construed as bringing the case within the provisions of the Labor-Management Relations Act.

Accordingly, the motion to dismiss will be granted insofar as plaintiff alleges a right to relief under 29 U.S.C. § 185.